**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN J. BUTTERS,

Defendant-Appellant.

No. 07-3172
(D.C. No. 06-CR-10208-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Brian J. Butters appeals his conviction and sentence for attempted sexual enticement of a minor. He argues that (1) there was insufficient evidence to support his conviction; (2) his confession to FBI agents was involuntary; and (3) his sentence violates the Fifth and Eighth Amendments to the U.S. Constitution and the separation-of-powers doctrine. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

At the times relevant to this appeal, Mr. Butters was a forty-two-year-old Army staff sergeant. On August 6, 2006, he met Julie Posey in an internet chat room. Posey was a police investigator pretending to be a thirteen-year-old girl named Michelle. Mr. Butters confirmed that Michelle was thirteen and offered to "treat [her] like a queen" in exchange for sex. ROA, Supp. Vol. II, Ex. 1 at 3. Over the ensuing four weeks, Mr. Butters communicated often with Michelle over the internet and by telephone, making plans to meet for sex. He also used a web camera to send images of himself masturbating.

FBI agents arrested Mr. Butters on September 8, 2006, after he purchased condoms to use during an anticipated meeting with Michelle. Mr. Butters was taken to an FBI office, where he read, initialed, and signed an advice-of-rights/waiver form. During the subsequent interview, Mr. Butters admitted communicating with Michelle and that he believed she was thirteen. He also stated that he intended to meet Michelle on September 8 for sex.

Mr. Butters was indicted under 18 U.S.C. § 2422(b) for using the internet and telephone "to persuade, induce, and entice, and to attempt to persuade, induce and entice a person whom he believed to be a 13 year old female to engage in unlawful sexual activity." *Id.*, Vol. I, Doc. 12 at 1-2. Mr. Butters pleaded not

guilty. The district court held a *Jackson v. Denno* hearing[1] and ruled that Mr. Butters's statements to the FBI were made voluntarily.

Trial proceeded on the basis of attempted enticement. The district court instructed the jury: "[I]t is not necessary for the Government to prove that the individual was in fact less than 18 years of age, but it is necessary for the government to prove that [Mr. Butters] *believed* such individual to be under that age." *Id.*, Vol. I, Doc. 37, Instr. 20 at 1. Mr. Butters was found guilty, and the district court sentenced him to the mandatory minimum, ten years. Mr. Butters now appeals.

### DISCUSSION

### I. Sufficiency of the Evidence

Section 2422(b) imposes criminal liability against a person who "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b). Mr. Butters argues that the statute requires a victim who is actually under eighteen years of age. Because investigator Posey was forty-two, Mr. Butters reasons, there was insufficient evidence to support a guilty verdict.

---

[1] *See Jackson v. Denno*, 378 U.S. 368, 376 (1964); *see also* 18 U.S.C. § 3501(a) (mandating a hearing on the voluntariness of a confession).

As this argument was not made in the district court, we review for plain error. *See United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007).

Plain error requires "(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." *Id.* (quotation omitted). If these criteria are satisfied, we "may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Our inquiry ends with the first criterion, as we discern no error. Specifically, in *United States v. Sims*, 428 F.3d 945, 959-60 (10th Cir. 2005), we held that a defendant's false belief that a minor is involved does not undermine a conviction for attempted enticement. We reasoned that while it would be factually impossible to *succeed* in the intended crime without a minor victim, "success is not an essential element of attempt crimes." *Id.* (quotation omitted). As noted by the Ninth Circuit,

> [t]he attempt provision of [§ 2422(b)] underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime. It would be contrary to the purpose of the statute to distinguish the defendant who attempts to induce an individual who turns out to be a minor from the defendant who, through dumb luck, mistakes an adult for a minor. To hold otherwise would bestow a windfall to one defendant when both are equally culpable.

*United States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004).

Because the involvement of an actual minor is irrelevant to § 2422(b)'s attempt provision, Mr. Butters's sufficiency argument fails.

-4-

## II. Voluntariness of Mr. Butters's Confession

Mr. Butters argues that he involuntarily confessed to the FBI his belief that Michelle was thirteen. We review de novo the district court's ruling that Mr. Butters's confession was voluntary, "crediting the district court's findings of fact unless clearly erroneous." *United States v. Rith*, 164 F.3d 1323, 1333 (10th Cir. 1999).

"The essence of voluntariness is whether the government obtained the statements by physical or psychological coercion such that the defendant's will was overborne." *United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir.) (quotation omitted), *cert. denied*, 127 S. Ct. 692 (2006). The following factors are relevant to this inquiry: the age, intelligence, and education of the defendant; the length of the detention; the length and nature of the questioning; whether the defendant was advised of his constitutional rights; and whether the defendant was physically punished. *Id.* At the *Jackson v. Denno* hearing, Mr. Butters contended that (1) after reading the advice-of-rights/waiver form, he did not understand some of it, including the form's explanation of the right to counsel; (2) the FBI agents did not respond to his questions about the right to counsel; and (3) the initials on the form after each of the listed rights were not his.[2] These contentions were contradicted at the hearing. Specifically,

---

[2] In his appellate brief, Mr. Butters claims that his will was overborne during the FBI interview because he is "slow," "easily manipulated," and "want[s] to

(continued...)

one of the two FBI agents who interviewed Mr. Butters testified that Mr. Butters did not ask any questions about the rights listed on the form. And both agents testified that Mr. Butters freely initialed and signed the form. There was also testimony that Mr. Butters was a high-school graduate, had attained the rank of staff sergeant, had not ingested alcohol or drugs on the day of his arrest, was not threatened or otherwise mistreated during his interview, and had been detained for only ninety minutes before the interview began. We conclude that the district court did not err in finding Mr. Butters's confession voluntary.

But even if we assume that his confession was involuntary and should have been excluded, we are convinced that the error would have been harmless beyond a reasonable doubt. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (holding that the admission of an involuntary confession is subject to harmless-error analysis). Based on the recorded internet and telephone communications between Mr. Butters and "Michelle" that were admitted at trial, it is abundantly clear that Mr. Butters believed Michelle to be thirteen years old.

---

[2](...continued)
please others." Aplt. Br. at 13. But he did not make these claims during the *Jackson v. Denno* hearing. And even when testimony was offered at trial during the defense's case-in-chief about Mr. Butters being slow, easily manipulated, and eager to please, defense counsel did not connect it to the voluntariness of Mr. Butters's confession.

### III.  Sentencing

Section 2422(b) includes a ten-year mandatory-minimum sentence. 18 U.S.C. § 2422(b).  Mr. Butters argues that imposing such a sentence violates the Fifth and Eighth Amendments to the United States Constitution as well as the separation-of-powers doctrine.  "We review constitutional challenges to a sentence de novo." *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006).

### A.  Fifth Amendment

Mr. Butters first raises the Fifth Amendment guarantee of equal protection, "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Mr. Butters claims that a mandatory-minimum sentence for attempted sexual enticement of a minor is irrational when there is neither an actual victim nor a history of preying on children.  But he does not suggest that similarly situated persons are sentenced any differently than he was.  In any event, we see nothing irrational in Mr. Butters receiving the same sentence applicable to defendants who had contacted an actual child and have a history of predation. First, the absence of an actual child victim does not detract from the seriousness of the crime:

> [T]he offender's conduct in [situations involving an undercover
> agent] reflects a real attempt to engage in sexual abuse of a child,
> and the fact that the target of the effort turned out to be an
> undercover officer has no bearing on the culpability of the offender,

> or on the danger he presents to children if not adequately restrained and deterred by criminal punishment.

H.R. Rep. No. 108-66, at 51 (2003), *as reprinted in* 2003 U.S.C.C.A.N. 683, 685 (discussing the Protect Act of 2003, Pub. L. No. 108-21, § 103(b), 117 Stat. 650, 653, which inserted a five-year mandatory-minimum sentence into § 2422(b)). Second, a mandatory-minimum sentence for even first-time offenders is responsive to the danger posed to children as it (1) incapacitates those criminals intent on enticing children; and (2) deters others from engaging in such conduct. *See Angelos*, 433 F.3d at 754. Accordingly, we conclude that there is a rational basis for § 2422(b)'s mandatory-minimum sentence even if the object of the defendant's enticement is an undercover agent and the defendant has no criminal past.

Mr. Butters also advances a Fifth Amendment substantive-due-process argument. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Batie*, 433 F.3d 1287, 1293 (10th Cir. 2006) (quotation omitted). Mr. Butters asserts that a mandatory-minimum sentence contravenes due process because it divests the sentencing court of discretion to consider "the facts relevant to his case," including his service in Iraq. Aplt. Br. at 20. There is, however, no "due process right to a discretionary, individualized

sentence in a noncapital case." *United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991).

Mr. Butters's Fifth Amendment arguments lack merit.

## B. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. Encompassed within this prohibition are "extreme sentences that are grossly disproportionate to the crime." *Angelos*, 433 F.3d at 750 (quotations omitted). Mr. Butters argues that the ten-year sentence he received violates Eighth-Amendment proportionality because "[t]here was no 13 year old victim" and there was no evidence that he was "a sexual predator." Aplt. Br. at 16. We disagree.

In *United States v. Munro*, 394 F.3d 865, 872-73 (10th Cir. 2005), a case also involving attempted enticement where there was no actual victim, we held that the five-year mandatory-minimum sentence formerly in § 2422(b) was not grossly disproportionate to the crime. Congress's extension of that term to ten years[3] does not pose any more of a proportionality problem in regard to Mr. Butters. As noted above in Part III.A., attempted sexual enticement of a minor is a serious offense whether or not the defendant has successfully contacted an actual minor or has preyed on children in the past. *See id.* at 873. A ten-year

---

[3]  *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 203, 120 Stat. 587, 613 (effective July 27, 2006).

term accurately reflects the serious nature of the offense and is not "inconsistent with other state and federal guidelines for child sex crimes." *Id. Cf.* 18 U.S.C. § 2251(e) (prescribing a fifteen-year minimum sentence for sexual exploitation of a minor); Ga. Code Ann. § 16-6-5(b) (prescribing a ten-year minimum sentence for "enticing a child for indecent purposes"). Further, Mr. Butters's sentence does not resemble the only sentences struck down by the Supreme Court due to gross disproportionality in the last hundred years. *See Weems v. United States*, 217 U.S. 349, 382 (1910) (invalidating a sentence of fifteen years in chains and at hard labor, plus permanent surveillance and civil disabilities, for falsifying a public document); *Solem v. Helm*, 463 U.S. 277, 296, 303 (1983) (invalidating a life sentence for writing a "no account" check).

We conclude that Mr. Butters's sentence does not violate the Eighth Amendment.

### C. Separation of Powers

Mr. Butters argues that "the legislative and executive branches have usurped the judicial constitutionally assigned sentencing power" by placing a mandatory-minimum sentence in 18 U.S.C. § 2422(b). Aplt. Br. at 21. To the extent that we can make sense of this argument, we note that mandatory sentences generally "do not violate the separation of powers principle." *United States v. Gurule*, 461 F.3d 1238, 1246 (10th Cir. 2006). Mr. Butters's separation-of-powers argument lacks merit.

## CONCLUSION

We conclude that there was sufficient evidence to support Mr. Butters's conviction for attempted sexual enticement of a minor, and his confession to FBI agents was voluntary. We further conclude that the ten-year mandatory-minimum sentence he received was not constitutionally infirm.

Accordingly, we **AFFIRM** Mr. Butters's conviction and sentence.

Entered for the Court

Jerome A. Holmes
Circuit Judge