**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0609n.06

No. 09-3482

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Nov 15, 2010

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN J. DOBROWOLSKI, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, GILMAN, and McKEAGUE, Circuit Judges.

**PER CURIAM.** In this sentencing appeal, defendant John P. Dobrowolski challenges the two ten-year sentences imposed by the district court following his guilty pleas to one count of coercion and enticement of a minor to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2422(b), and one count of traveling in interstate commerce with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Dobrowolski contends that the mandatory-minimum sentences required under these statutes violate both the Eighth Amendment right to be free from cruel and unusual punishment and the principle of separation of powers. We find no reversible error and affirm.

Beginning in early September 2006, Dobrowolski, a 62-year-old Connecticut resident, initiated communication through an Internet chat room with an individual who he believed was a 14-year-old Ohio girl named "Brandee," but who was, in fact, an undercover law enforcement officer. In the three weeks following his initial contact with "Brandee," Dobrowolski continued to contact her through e-mail and instant messaging, as well as once speaking to her on the telephone. The nature of these communications became increasingly intimate, and Dobrowolski expressed his desire to engage in sexual activities with "Brandee" and his intention to travel to her hometown in order to do so. After finalizing his plans to meet her, Dobrowolski drove to their predetermined meeting place, where he was arrested. At the time of his arrest, the police found pieces of twine, handcuffs, leg irons, a whip, a digital camera, a portable printer, and a color photo of "Brandee" in his possession.

At his plea hearing, Dobrowolski was informed of the statutorily mandated minimum sentences associated with the charges against him, as well as of the district court's inability to reduce these minimums further. Dobrowolski nevertheless pleaded guilty to both charges without the benefit of a plea agreement with the government. At sentencing, Dobrowolski did not object to any of the information contained in the presentence report or to the length of the mandatory-minimum sentences that the court informed him would apply. The district court sentenced him to 120 months' imprisonment on each count, the sentences to be served concurrently.

Dobrowolski raises his current constitutional arguments for the first time on appeal and, thus, we review the district court's decision for plain error only. *See United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008) (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). Plain-error review requires a determination of whether "(1) there was an error, (2) the error was 'obvious or clear,' (3) the error affected the defendant's substantial rights, and (4) 'this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (citing *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Although the Supreme Court has interpreted the Eighth Amendment to include a narrow principle of proportionality between crime and sentence, *see Ewing v. California*, 538 U.S. 11, 20 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)), this principle does not dictate strict proportionality, but only that the sentence must not be "grossly disproportionate" to the conduct being punished. *See Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in judgment).

Furthermore, in the absence of a constitutional mandate to adopt "any one penological theory," the judicial branch traditionally gives deference to legislative policy regarding appropriate punishments. *See Ewing*, 538 U.S. at 25 (citing *Harmelin*, 510 U.S.

at 999 (Kennedy, J., concurring in part and concurring in judgment)). The legislative history of 18 U.S.C. §§ 2422-2423 clearly illustrates that Congress intended to impose lengthy mandatory-minimum sentences in cases such as Dobrowolski's, specifically because the attempted sexual enticement of a minor is a very serious crime, regardless of whether there is an actual minor who is victimized. As the House Conference Report discussing the legislation states:

> The increased mandatory minimum sentences are responsive to real problems of excessive leniency in sentencing under existing law. For example, the offenses under chapter 117 of title 18, United States Code, apply in sexual abuse cases involving interstate movement of persons or use of interstate instrumentalities, such as luring of child victims through the Internet. Courts all too frequently impose sentences more lenient than those prescribed by the sentencing guidelines in cases under chapter 117, particularly in situations where an undercover agent rather than a child was the object of the enticement. Yet the offender's conduct in such a case reflects a real attempt to engage in sexual abuse of a child, and the fact that the target of the effort turned out to be an undercover officer has no bearing on the culpability of the offender, or on the danger he presents to children if not adequately restrained and deterred by criminal punishment.

H.R. REP. NO. 108-66, at 51 (2003) (Conf. Rep.), *reprinted in* 2003 U.S.C.C.A.N. 683, 685. We likewise have expressed in no uncertain terms that offenses such as those committed by Dobrowolski are indeed serious, *see United States v. Vowell*, 516 F.3d 503, 512-13 (6th Cir. 2008) (affirming the district court's imposition of a 65-year sentence for coercing a minor to engage in sexually explicit conduct and on child pornography charges because the "heinous nature of his crimes demonstrated the seriousness of the offense."); *United States v. Moore*, 916 F.2d 1131, 1139 (6th Cir. 1990) ("Child pornographers commit

serious crimes which can have devastating effects upon society and, most importantly, upon children who are sexually abused."), as have courts outside of this circuit. *See*, *e.g.*, *United States v. Pugh*, 515 F.3d 1179, 1202 (11th Cir. 2008) ( "[W]e have typically treated child sex offenses as serious crimes, upholding severe sentences in these cases.").

Reviewing Dobrowolski's sentences in light of the seriousness of his offenses, we conclude that this is not one of those exceedingly rare cases in which the crime is so grossly disproportionate to the sentence as to constitute a violation of the Eighth Amendment. Dobrowolski's situation does not remotely resemble any one of the very few cases in which the Supreme Court has found that a great disparity between crime and sentence constitutes an Eighth Amendment violation. *See Solem v. Helm*, 463 U.S. 277, 303 (1983) (finding that a sentence of life imprisonment without the possibility of parole for a repeat offender whose prior crimes were relatively minor and whose charged crime was minor and nonviolent violated the proportionality principle of the Eighth Amendment); *Weems v. United States*, 217 U.S. 349, 358, 382 (1910) (finding that a sentence of 15 years' imprisonment and hard labor for falsifying a public document was unconstitutional). Moreover, our determination that the ten-year mandatory-minimum-sentence provision of § 2422(b) does not offend the Eighth Amendment places us in agreement with our sister circuits on this issue. *See*, *e.g.*, *United States v. Farley*, 607 F.3d 1294 (11th Cir. 2010); *United States v. Nagel*, 559 F.3d 756 (7th Cir. 2009); *United States v. Butters*, 265 F. Appx 773 (10th Cir. Feb. 29, 2008).

Nor do we accept Dobrowolski's argument that the mandatory minimums contained in 18 U.S.C. § 2422(b) unconstitutionally shift sentencing discretion away from the judicial branch in violation of separation-of-powers principles. It is well-established that "the scope of judicial discretion with respect to a sentence is subject to congressional control." *United States v. Dumas*, 934 F.2d 1387, 1389 (6th Cir.1990) (quoting *Mistretta v. United States*, 488 U.S. 361, 364 (1989)).

For the reasons set out above, we AFFIRM the judgment of the district court.