*United States v. Nugent*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-three.

PRESENT:  Rosemary S. Pooler,
          Richard C. Wesley,
          Steven J. Menashi,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                                   No. 22-234

KEVIN NUGENT,

     *Defendant-Appellant.*

_____

*For Appellee*:                                        Emmet O'Hanlon and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

*For Defendant-Appellant*:                    James P. Egan, Assistant Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kevin Nugent pleaded guilty to attempted coercion and enticement of a minor, and the district court imposed a 10-year mandatory minimum sentence pursuant to 18 U.S.C. § 2422(b). Nugent argues that the sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

In August 2019, an FBI agent maintained undercover profiles on Grindr, a social networking and online dating site, and Kik, a messaging service.

2

Presentence Investigation Report ("PSR") ¶¶ 3(b), 6-7, *United States v. Nugent*, No. 21-CR-0007 (N.D.N.Y. 2021), ECF No. 48. The undercover Grindr profile of "Ryan" listed the age of the user as "99," the maximum age possible. ¶ 9. The profile further identified the user as a "young trans looking for daddy" and invited other users to "kik me" because the user would "not talk on here." *Id.*

On August 15, 2019, Nugent messaged Ryan on Kik. During the conversation, Ryan explained that he lived with his mother and was a "younger dude." *Id.* ¶ 12. After Nugent sent Ryan a picture of male genitalia, Ryan responded that he was "nervous" because he was "only 14," which he knew was "not cool." *Id.* Nugent replied that "[i]t's not cool if you talk about it" and explained that "[i]f you told someone we were hanging out then that would be a problem." *Id.*

On August 21, 2019, Nugent requested that Ryan send him a picture of his penis. *Id.* ¶ 13. Ryan responded that the prospect of doing so "scare[d]" him, to which Nugent replied: "I have a lot more to lose than you." *Id.* Nugent described how he wanted to engage in sex acts with Ryan despite Ryan repeating that he was 14 years old. *Id.* ¶ 14.

Ryan eventually agreed to meet Nugent at a Burger King in Menands, New York, on August 27, 2019. *Id.* ¶ 15 Nugent traveled to the meeting spot and was arrested after walking into the restaurant. *Id.*

After being advised of his *Miranda* rights, Nugent confirmed that he believed "Ryan" was a 14-year-old child. Nugent further acknowledged that the purpose of meeting "Ryan" was to travel to Nugent's apartment and possibly engage in oral sex. *Id.* ¶ 17.

On January 7, 2021, a jury returned an indictment charging Nugent with attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Nugent pleaded guilty to this charge without a plea agreement on July 19, 2021. On February 1, 2022, the district court sentenced Nugent to the mandatory minimum prison term of 120 months, to be followed by 10 years of supervised release.

At sentencing, the district court determined that Nugent's guidelines imprisonment range was 120 months pursuant to U.S.S.G. § 5G1.1(b), as a result of the applicable statutory minimum. Responding to Nugent's argument that the sentence violated the Eighth Amendment, the district court explained that the sentence was "not grossly disproportionate to the offense" because "in the

recorded conversations that the defendant thought that he was having with a 14-year-old boy, he is savvy enough ... to really know exactly what he's doing." App'x 83.

The district court entered judgment on February 2, 2022, and Nugent filed a timely notice of appeal.

**II**

We review a district court's determination whether a statutory minimum violates the Eighth Amendment de novo. *United States v. Reingold*, 731 F.3d 204, 210 (2d Cir. 2013).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. A punishment is "cruel and unusual" when it is "grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010). In determining whether a term-of-years sentence in a particular case is grossly disproportionate, a "court must begin by comparing the gravity of the offense and the severity of the sentence." *Id.* Only in "the rare case in which this threshold comparison leads to an inference of gross disproportionality," *id.* (alterations omitted) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J.,

5

concurring in part and concurring in the judgment)), do we proceed to "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions" to determine whether the sentence is in fact disproportionate, *id.* In evaluating proportionality, we accord "substantial deference" to "the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Reingold*, 731 F.3d at 211 (quoting *Harmelin*, 501 U.S. at 999 (Kennedy, J., concurring in part and concurring in the judgment)).

Nugent cannot make the required threshold showing that his sentence leads to an "inference of gross disproportionality." *Graham*, 560 U.S. at 60. Over several days, Nugent persisted in attempting to persuade a person whom he believed to be 14 years old to engage in sexual conduct. He was undeterred by the minor's repeated expressions of reluctance and fear. PSR ¶¶ 12, 14. Nugent sent his intended victim a pornographic image, described sex acts in which they would engage, and stressed the importance of keeping their contact secret. *Id.* ¶ 14. Nugent tried several times to arrange a meeting and, after succeeding, traveled 14 miles from his home to meet "Ryan." He intended to take "Ryan" back to his residence, where he hoped to engage in sexual activity. Given the gravity of the

offense and the "broad authority that legislatures ... possess in determining the types and limits of punishments for crimes," the sentence does not lead to an inference of gross disproportionality. *Reingold*, 731 F.3d at 211 (quoting *Harmelin*, 501 U.S. at 999 (Kennedy, J., concurring in part and concurring in the judgment)).

Nugent argues that the "sentence grossly overstates the seriousness of the harm criminalized by § 2422(b)" because "all [the statute] requires is that a defendant gain a minor's assent," not that the defendant form an actual intent to carry out the sexual acts. Appellant's Br. 11. We reject this argument and conclude that the sentence is not grossly disproportionate to the conduct of knowingly "persuad[ing]" or "entic[ing]" a minor to engage in sexual activity. 28 U.S.C. § 2422; *see United States v. Rivas*, 39 F.4th 974, 978 (8th Cir. 2022); *United States v. Shill*, 740 F.3d 1347, 1355-57 (9th Cir. 2014); *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011); *United States v. Nagel*, 559 F.3d 756, 762-65 (7th Cir. 2009); *United States v. Brown*, 681 F. App'x 268, 270-71 (4th Cir. 2017); *United States v. Butters*, 267 F. App'x 773, 778 (10th Cir. 2008).

Nugent also asks us to compare § 2422(b) with § 2423(b) and observes that the latter statute does not impose a mandatory minimum sentence. Appellant's Br. 20-21. But because Nugent's sentence under § 2422(b) does not give rise to an

inference of gross disproportionality, we need not engage in a comparative analysis of other federal and state penalties. *See Graham*, 560 U.S. at 60.

Even if we were to conduct the comparative analysis, the analogy is inapt. Section 2423(b) criminalizes interstate or international travel "with a motivating purpose of engaging in any illicit sexual conduct," which is defined to include sex acts with minors or the production of child pornography. 18 U.S.C. § 2423(b), (f). The statute does not require the enticement or coercion of a minor or even any contact with an actual or purported minor. By contrast, § 2422(b) "was designed to protect children from the act of solicitation itself—a harm distinct from that proscribed by § 2423(b)." *Hughes*, 632 F.3d at 961.

\* \* \*

We have considered Nugent's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8