In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3533

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEREK S. DAVEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:06-CR-106 AS—**Robert L. Miller, Jr.**, *Chief Judge.*

ARGUED OCTOBER 15, 2008—DECIDED DECEMBER 18, 2008

Before EASTERBROOK, *Chief Judge,* and COFFEY and WOOD,
*Circuit Judges.*

WOOD, *Circuit Judge.* In *United States v. Gladish*, 536
F.3d 646 (7th Cir. 2008), this court held that explicit
sexual talk does not, by itself, amount to the kind of
"substantial step" needed to prove an attempt to violate
18 U.S.C. § 2422(b), which forbids knowingly persuading,
inducing, enticing, or coercing a person under the age of
18 to engage in criminal sexual activity. The present case

requires us to decide whether defendant Derek Davey's conduct similarly fell short of an attempt to violate § 2422(b), or if Davey crossed the line that demarcates criminal conduct. Davey's case is further complicated by the fact that he pleaded guilty to the § 2422(b) violation and was unsuccessful in persuading the district court to allow him to withdraw his guilty plea. We conclude that the district court did not abuse its discretion when it denied the motion to withdraw, and that the factual basis for Davey's plea establishes that he took several substantial steps toward completion of the offense. We therefore affirm.

## I

On August 18, 2006, Davey struck up a conversation in an Internet chat room with someone calling herself "blonddt." "Blonddt" was not, however, what she seemed to be: in real life, she was an undercover police officer posing as a 15 1/2 year old girl. After learning that "blonddt" was underage, Davey engaged in explicit sexual banter with her, asking almost immediately "so u think u might be interested in meeting for some hot sex," asking where he might pick her up, discussing how he might recognize her at the rendezvous point, and arranging to call her from a pay phone. Law enforcement officials recorded that exchange. The very same day, Davey drove the 25 miles or so from his home in Berrien Springs, Michigan, to South Bend, Indiana, which was where the two had agreed to meet. As discussed, he found a pay phone near the Kitchenette Restaurant, and he used that

telephone to call "blonddt" to discuss their upcoming sexual encounter. The idea was that she would sneak him into her house through a back alley. Investigators recorded the telephone call, but the only copy of the recording is almost unintelligible. Still, Davey can be heard saying "Yep, but I can't hang out too long. Can you come down here so I can talk to you?" Shortly after the call ended, law enforcement officers moved in and arrested Davey.

Davey was eventually indicted on one count of attempting to violate 18 U.S.C. § 2422(b). On March 8, 2007, while he was represented by Attorney James Korpal, Davey pleaded guilty before District Judge Sharp. In his written plea agreement, he admitted the following facts, among others:

- On or about August 18, 2006, while using the screen name "dsd3140," I used my computer to engage in a chat room conversation with an individual using the screen name, "blonddt";

- I do not dispute that the individual using the screen name "blonddt" told me she was a 15 1/2 year old female;

- I do not dispute that I am over 18 years of age;

- I do not dispute that after being told that "blonddt" was a 15 1/2 year old female, I engaged in a graphic sexual conversation with "blonddt";

- I do not dispute that during this chat room conversation I knowingly attempted to persuade, induce, entice, or coerce "blonddt" to engage in sexual activity with me;

- I further do not dispute that the sexual activity I attempted to persuade, induce, entice, or coerce "blonddt" to engage in is sexual activity for which an individual can be charged with a criminal offense.

After the district court accepted Davey's plea, but before sentencing, Davey replaced Korpal with Attorney Tony Zirkle. Zirkle immediately filed a motion under FED. R. CRIM. P. 11(d)(2)(B) to withdraw Davey's guilty plea. In that motion, Davey argued that there was an insufficient factual basis for the plea, because he never admitted to facts sufficient to establish an attempted encounter. The Government opposed the motion, and the district court held a hearing on it on July 9, 2007.

At that hearing, Davey submitted for the court's consideration a letter that he had written. The letter indicated that Davey's purpose in traveling to South Bend on August 18, 2006, was simply to warn "blonddt" of the potential danger of meeting in person adults whom she had encountered on the Internet. Davey also commented that he doubted that the Government could prove that Davey thought that "blonddt" was underage. He pointed out that people often lie online, and that "blonddt" was in an adult chat room that required users to pay by credit card and be at least 18 as a condition of access. Davey also said that he had consulted three other attorneys before he pleaded guilty. One of them (allegedly a man named Peter Johnson, who never filed an appearance) told Davey that the best strategy would be to plead guilty and then hire a new lawyer to withdraw the plea.

The court also heard evidence from Korpal, who said that he had been working hard on Davey's case because he thought the likely sentence would be very harsh. Korpal also testified that he believed that entrapment was the only possible defense that Davey had, but that, in his professional judgment, the facts did not merit an entrapment instruction. Korpal testified that he told Davey that the Government would have to prove beyond a reasonable doubt that Davey knew (or at least was aware of a high probability) that "blonddt" was a minor. Finally, Korpal noted that he and Davey had discussed the possible consequences for Davey if he did not plead guilty—most importantly, the risk of losing credit for acceptance of responsibility, which Korpal thought would imperil Davey's chances of keeping his sentence close to the statutory minimum of 120 months. (The maximum sentence authorized for violations of § 2422(b) is life in prison.) After hearing this evidence, the district court denied the motion to withdraw.

Davey's sentencing hearing took place before Chief Judge Miller on October 11, 2007. At the hearing, the district court asked Davey whether he had reviewed the presentence report prepared by the Probation Office, and Davey indicated that he had done so and had also reviewed the report with his attorney. The only objection Davey raised to the report was to a recommendation in paragraph 30 for a two-level enhancement to his offense level for attempting to influence a minor to engage in a sexual act. Importantly, he did not object to the description of the offense contained in the report. On that point, Attorney Zirkle said only that Davey had "some doubt"

about whether he knew that "blonddt" was really 15 1/2 years old, because he never saw her. The district court asked Zirkle if he was arguing that Davey was innocent because he lacked the requisite intent to commit the crime, but Zirkle never squarely answered the question. In the end, the district court sentenced Davey to 126 months' imprisonment, just over the ten-year statutory minimum.

## II

Davey's primary argument on appeal is that the district court abused its discretion by denying his motion to withdraw the guilty plea. We note that the plea agreement also includes a waiver of appeal. Although the Government moved to dismiss the appeal on that basis, a motions panel of this court denied the motion after Davey clarified that he intended to challenge the voluntariness of the plea as a whole, including the appeal waiver. The Government has dropped the point, probably because it recognizes that the waiver is enforceable only if it was made as part of a voluntary guilty plea, see *United States v. Lockwood,* 416 F.3d 604, 608 (7th Cir. 2005), and so we proceed to the merits.

To the extent that Davey is arguing that his plea was involuntary because he realized too late that he may have had a better factual defense to the charge than he realized, we have no trouble rejecting the claim. A plea can be perfectly voluntary in the face of incomplete information. Indeed, such pleas are common; defendants make a rational decision to assume a certain amount of risk, and

they realize that they must be prepared to live with the consequences of error.

The serious question is whether Davey can show that his plea was not "a voluntary and intelligent choice among the alternative courses of action open" to him. See *Hays v. United States*, 397 F.3d 564, 570 (7th Cir. 2005) (citations omitted). As the Supreme Court pointed out in *Bradshaw v. Stumpf,* 545 U.S. 175 (2005):

> [a] guilty plea would indeed be invalid if [the defendant] had not been aware of the nature of the charges against him, including the elements of the aggravated murder charge to which he pleaded guilty. A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid.

545 U.S. at 182-83. Davey proposes to meet that standard by showing that Korpal, his lawyer at the time of the plea, rendered ineffective assistance of counsel. See *United States v. Lundy,* 484 F.3d 480, 484 (7th Cir. 2007).

Davey now suggests that Korpal was ineffective because he pressured Davey into pleading guilty based on a faulty assessment of the likely sentence. The record, however, does not bear this out. First, Davey testified at the plea colloquy that he was satisfied with Korpal's representation and that no one had coerced his plea. Such

statements, given under oath, are entitled to a presumption of correctness. *United States v. Bowlin,* 534 F.3d 654, 660 (7th Cir. 2008). More importantly, there is nothing to suggest that Korpal's predictions were mistaken.

Davey also argues that the other attorneys he consulted gave him bad advice, and that but for this advice, he never would have pleaded guilty. We may assume, for the sake of the argument (and contrary to the district court's finding), that Davey did retain Johnson, because Davey proffered evidence indicating that he paid Johnson $1,000. But this is of no help to Davey. As we noted, Johnson never entered an appearance, and he may not even have been admitted to practice in the Northern District of Indiana. In order to accept this line of argument, we would have to find that Davey committed perjury when he swore to the district court that no one else had promised him anything or influenced his decision to plead guilty. There is no reason to make such an assumption. To the contrary, the alleged advice was irresponsible enough that the district court was entitled to insist on better proof than Davey's word for it that this was what Johnson had said. Whatever these absentee lawyers may have said was not something that compelled the district court to permit Davey to withdraw his plea.

Davey's strongest argument is the one that implicates *Gladish*: that is, that he pleaded guilty to something that is not an offense under § 2422(b), and that this fact alone is enough to invalidate his plea. Before we reach that issue, however, we must decide whether he forfeited this argument. In supplemental briefs filed at our request

after oral argument, Davey argues that counsel's mention of the "substantial step" requirement for an attempted crime and the failure of the Government specifically to identify that step are enough to avoid forfeiture, especially given the fact that *Gladish* had yet to be decided. The Government, not surprisingly, emphasizes the fact that Davey's arguments in the district court focused on the factual aspect of the "substantial step" requirement, not the legal criteria. Whether or not forfeiture exists on this record is a close call, in our view. It appears to us, however, that he and his counsel said just enough to permit us to continue. (The difference for Davey is subtle: it means that we use the deferential abuse of discretion standard of review, instead of the even more deferential plain error standard.)

In *Gladish,* the defendant was caught in an Internet sting operation much like the one that ensnared Davey. Gladish encountered a government agent impersonating a 14 year old girl called "Abagail" in an Internet chat room. The exchanges were graphic, and Gladish went so far as to send her a video of himself masturbating. "Abagail" agreed to have sex with Gladish, but the two never settled on anything more specific. Gladish lived in the southern part of Indiana, and "Abagail" purported to live in the northern part of the state. The two discussed a meeting, but they made no arrangements for one.

We decided that this did not add up to the kind of "substantial step" needed for a criminal conviction based on attempt. In so doing, we contrasted the "usual prosecution," in which "the defendant after obtaining the

pretend girl's consent goes to meet her and is arrested upon arrival," 536 F.3d at 648, with a case that involves only explicit sex talk (coupled with the video), *id.* at 649-50. In the usual case, "there is a sufficient likelihood that [the defendant] would have completed [the crime] to allow a jury to deem the visit to meet the pretend girl a substantial step toward completion." *Id.* at 649. We then offered some additional thoughts about where the boundary lies:

> Travel is not a sine qua non of finding a substantial step in a section 2422(b) case. . . . The substantial step can be making arrangements for meeting the girl, as by agreeing on a time and place for the meeting. . . . It can be taking other preparatory steps, such as making a hotel reservation, purchasing a gift, or buying a bus or train ticket, especially one that is nonrefundable.

*Id.* (citations omitted).

Davey's admissions in the plea agreement, set forth above, go a long way toward meeting the "substantial step" criteria established in *Gladish.* He made arrangements for meeting "blonddt," and he drove to the rendezvous point, putting him squarely within the typical pattern we described. The one element that he may have avoided addressing is the question whether he believed that "blonddt" was a minor. As the Government pointed out at oral argument, however, FED. R. CRIM. P. 11(b)(3) requires only that "the court must determine that there is a factual basis for the plea" "[b]efore entering judgment on a guilty plea." Both the district court and we are entitled to take into account not only Davey's

admissions in the plea agreement, but also other factual assertions that he either adopted or did not object to. The letter that he submitted at the hearing on his motion to withdraw the plea is one such piece of evidence. This letter, he argued, showed that his purpose in meeting "blonddt" was to warn her of the dangers of Internet-initiated liaisons. It makes no sense to infer that he thought he needed to warn an adult posing as a child of these risks; this part of his defense was premised on the notion that he genuinely thought that "blonddt" was a child, as he was driving to South Bend from Michigan. In addition, the presentence report contains factual assertions to which Davey did not object that support the finding that Davey believed he was about to have a tryst with a minor.

### III

By the time the district court entered judgment on Davey's guilty plea, there was a firm factual basis for finding that he had attempted to entice a person under the age of 18 to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). The district court therefore did not abuse its discretion when it refused to permit Davey to withdraw his guilty plea. Davey has also argued that his sentence of 126 months violates the Eighth Amendment. Since we have concluded that his guilty plea was knowingly, intelligently, and voluntarily entered, the waiver of appeal rights contained in his plea agreement bars our consideration of this point. (We see no reservation in that waiver for constitutional argu-

ments.) In any event, under the narrow proportionality rule that applies to noncapital sentences, see *Ewing v. California,* 538 U.S. 11, 20 (2003), there was no violation here. It is up to Congress to decide how severely different crimes should be punished. Congress has prescribed a minimum of ten years for violations of § 2422(b), and this sentence is not out of line with those imposed for various other offenses relating to sexual abuse of children. See 18 U.S.C. § 2251(e) (sentence of 15 to 30 years for first-time offenders of statute prohibiting sexual exploitation of children); 18 U.S.C. § 2252(b) (sentences ranging from 5 to 20 years for first-time offenders for various activities relating to visual depictions of minors engaging in sexually explicit conduct). Even if Davey's Eighth Amendment argument somehow escapes his appeal waiver, therefore, we would reject it.

The judgment of the district court is AFFIRMED.