In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2672

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES DANIEL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:06-CR-165—**Rudy Lozano**, *Judge.*

ARGUED APRIL 9, 2009—DECIDED AUGUST 13, 2009

Before MANION, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* In this appeal, we once again consider issues arising from an August 2006 police operation in Indiana designed to catch predators using internet chat rooms to persuade minors to engage in sexual activity. James Daniel was ensnared in the operation's net when he struck up a chat with someone calling "herself" Amanda_13. Unbeknownst to him, he was really communicating with a male officer claiming

to be a 13-year-old girl. But the government failed to realize the extent of its own sting operation. During Daniel's trial, the prosecution introduced two chat sequences found on Daniel's computer that apparently involved minor girls. What the government did not notice until sentencing was that one of those "girls," daisy13_Indiana, was actually an officer from the same Indiana operation. And that was not all. To our surprise, the government was unaware until this panel told it at oral argument that the other screen name, blonddt, was also an officer from the Indiana operation. Daniel asserts that the government's failure to disclose the identity behind these two screen names violated *Brady v. Maryland*, 373 U.S. 83 (1963), and thus entitles him to a new trial. Because the information was not material to Daniel's trial, we affirm his conviction and sentence.

**I**

On August 7, 2006, Daniel initiated an online chat with Amanda_13. Amanda_13 told Daniel that she was a 13-year-old female; in truth, Amanda_13 was Sergeant Richard Howard, an officer with the Porter County Sheriff's Department in Indiana. Daniel chatted with Amanda_13 several times; he frequently brought up sex during these exchanges. He persuaded Amanda_13 to meet him at Will Park in Valparaiso, Indiana, to have sex. Stressing the importance of using a condom, he promised Amanda_13 to bring one to the meeting. When Daniel arrived at the park at the agreed time, ready with a condom in his wallet, instead of a 13-year-old girl he

found the police. A grand jury indicted Daniel for violating 18 U.S.C. § 2442(b), which forbids knowingly persuading, inducing, enticing, or coercing an individual under the age of 18 to engage in criminal sexual activity.

After his arrest, Daniel consented to a police search of his computer. The computer examiner, Secret Service Agent James Kimes, found 192 files containing the history of Daniel's online chats. In addition to the conversations with Amanda_13, Agent Kimes found chats with two other screen names claiming to be minor girls; daisy13_Indiana and blonddt. Daniel discussed sex with both, even though daisy13_Indiana said that she was a 13-year-old girl and blonddt said that she was a 15-year-old girl. The government offered, and the court admitted, these conversations during Daniel's trial under FED. R. EVID. 404(b) for the limited purpose of showing Daniel's intent, motive, and absence of mistake.

Sometime before sentencing, the government realized that daisy13_Indiana was not a minor, but a police officer. It informed Daniel, but Daniel neither requested a new trial under FED. R. CRIM. P. 33 nor otherwise raised the issue to the district court. Insofar as it relates to daisy13_Indiana, we therefore review Daniel's allegation of a *Brady* violation for plain error. *United States v. Price*, 520 F.3d 753, 761 (7th Cir. 2008). Under the plain error standard, the alleged *Brady* violation must be an obvious error that affected Daniel's substantial rights and created "a substantial risk of convicting an innocent person." *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005).

Upon reviewing this case, we recognized the screen name blonddt from *United States v. Davey*, 550 F.3d 653 (7th Cir. 2008), another case involving the August 2006 Indiana operation. Blonddt is also in reality an undercover officer, though neither the government nor Daniel spotted this until we pointed it out during oral argument. In our view, the facts about blonddt do not change Daniel's argument. (This case, in other words, would have been the same if only one additional undercover name had been involved, whichever one it was.) We therefore also analyze the government's failure to disclose the true identity of blonddt under the plain error standard.

## II

To establish a *Brady* violation, Daniel must show "'(1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial.'" *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001) (quoting *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996)). Suppressed evidence is material if "there is 'a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'" *United States v. Banks*, 546 F.3d 507, 510 (7th Cir. 2008) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Daniel proposes three ways that the fact that he was really chatting with two different undercover police officers is material: first, he believes that it impeaches

Agent Kimes's testimony that the conversations were unrelated to the chats with Amanda_13; second, he argues that it shows entrapment; and third, he contends that this information was necessary in order to decide whether the chats were admissible under Rule 404(b).

None of these arguments has merit. First, nothing about the identity of the persons using these screen names tends to impeach Kimes's testimony. The chats were related to the charges against Daniel only in the sense that they were part of the same undercover operation. They were unrelated in the more important sense that Daniel believed that he was chatting with three different minor girls. In addition, Kimes was not involved in the August 2006 operation; he was testifying on the basis of his examination of Daniel's computer. All that Daniel could have shown, had the government informed him that daisy13_Indiana and blonddt were names operated by police officers, was that Kimes did not know much about the undercover operation. But Kimes never said that he did know about it, and so this information would not have impeached his testimony.

Second, the information does not advance Daniel's entrapment argument, because the chats with blonddt and daisy13_Indiana occurred after Daniel initiated the chats with Amanda_13. Subsequent chats with police officers do not show that the government induced the illegal conduct with Amanda_13 or that Daniel lacked a predisposition to engage in the criminal conduct with Amanda_13. See *United States v. Ellis*, 23 F.3d 1268, 1271 (7th Cir. 1994).

Third, the identity of daisy13_Indiana and blonddt affects neither the admissibility of the conversations under Rule 404(b) nor their relevance. The conversations were admitted under Rule 404(b) to show Daniel's state of mind—his intent, motive, and absence of mistake. See *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) ("Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children."). What matters is what Daniel believed about the conversations, and Daniel believed that he was talking about sex with minor girls.

Finally, even if Daniel knew before trial that daisy13_Indiana and blonddt were police officers, there is no reasonable probability that the jury would have acquitted Daniel; the evidence overwhelmingly showed that Daniel used the internet to persuade Amanda_13, someone Daniel believed to be a 13-year-old girl, to meet him to engage in criminal sexual activity. Particularly given the fact that our review is only for plain error, we are confident that the alleged *Brady* violation does not support reversal here. It is not obvious and does not create a substantial risk that the jury convicted an innocent person.

\* \* \*

The judgment of the district court is AFFIRMED.