NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2807

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> MARTIN MOLINA-GARCIA, <br> aka JONATHAN GARCIA-TORRES, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:10CR00104-002 <br><br> Jane E. Magnus-Stinson, <br> *Judge.* |

**O R D E R**

Jonathan Garcia-Torres was arrested and charged with federal drug crimes after he and his codefendants twice sold methamphetamine to an informant. (The defendant's true name is Martin Molina-Garcia, but for simplicity we call him by the alias used in the district court.) He pleaded guilty to conspiracy to possess with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), a charge carrying a mandatory prison term of 10 years or more because the amount of methamphetamine involved in the conspiracy was well above 50 grams, *id.* § 841(b)(1)(A)(iii). Garcia-Torres's plea agreement includes a waiver of his rights to contest his conviction or sentence on appeal and to pursue collateral relief. In exchange for the guilty plea, the government dismissed the two substantive drug counts charged in the indictment. The district court sentenced Garcia-Torres to 121 months' imprisonment.

Garcia-Torres filed a notice of appeal despite his waiver. His appointed lawyer—who also represented him in the district court—has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Garcia-Torres has not accepted our invitation to comment on counsel's submission. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel informs us that Garcia-Torres wants to dispute the determination of drug quantity. The defendant apparently has made conflicting statements about whether he wants to challenge his conviction, but counsel recognizes that Garcia-Torres's conviction (and with it his appeal waiver) stands as an obstacle to any appellate claim concerning his sentence. *See United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Thus counsel has evaluated whether Garcia-Torres might contest the adequacy of the plea colloquy or the voluntariness of his guilty plea. Garcia-Torres did not move to withdraw his plea in the district court, so our review would be for plain error only. *See United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010).

Counsel concludes, and we agree, that a claim of plain error would be frivolous. With two possible exceptions, counsel explains, the district court fully addressed the elements of Federal Rule of Criminal Procedure 11(b) during the plea colloquy. And the two perceived shortcomings were inconsequential. The court did not inform Garcia-Torres that the government could use against him in a later prosecution for perjury any false statement made under oath during the colloquy. *See* FED. R. CRIM. P. 11(b)(1)(A). But that omission could not have harmed the defendant—who admitted his true name during the colloquy—because no prosecution for perjury is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). And although the district court did not secure Garcia-Torres's agreement with every detail included in the prosecutor's factual basis, neither was the court required to do so. A district judge need only find that a factual basis *exists*, not that the defendant agrees with every detail. *See United States v. Ivory*, 11 F.3d 1411, 1415–17 (7th Cir. 1993); *United States v. Musa*, 946 F.2d 1297, 1302–03 (7th Cir. 1991). In this instance, as counsel recognizes, Garcia-Torres's confusion about, or inability to recall, some details of the conspiracy did not undermine the court's conclusion that a factual basis existed to enter judgment on that charge, especially because the presentence report includes details establishing Garcia-Torres's involvement in the charged conspiracy. *See United States v. Davey*, 550 F.3d 653, 658 (7th Cir. 2008); *United States v. Arenal*, 500 F.3d 634, 636–38 (7th Cir. 2007); *Howard v. United States*, 135 F.3d 506, 507, 509–10 (7th Cir. 1998).

An appellate claim about the validity of Garcia-Torres's guilty plea would be frivolous, and so the appeal waiver stands. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.