**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016
Decided November 9, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3863

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> RONALD C. BOHN, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3: 12CR063-001 <br><br> Robert L. Miller, Jr., <br> *Judge*. |

**O R D E R**

Ronald Bohn pleaded guilty to one count of possessing a stolen firearm, 18 U.S.C. § 922(j), and was sentenced to 110 months' imprisonment, ten months below the statutory maximum. Although his plea agreement included a broad appeal waiver, Bohn appealed. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Bohn to comment on counsel's motion, but he has not responded. *See* CIR R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be

thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Acting on a tip that Bohn was selling prescription drugs at his rental property, his parole officer searched the house and found marijuana in a pill bottle. The police then obtained a warrant to search the property and found four stolen firearms and other stolen items, including pried-open safes, prescription drugs, and more than 100 chains and necklaces. After his motion to suppress the evidence was denied, Bohn entered into a plea agreement with the government. In the agreement, he admitted that he had constructively possessed a stolen firearm because he was the landlord and was at the property performing repairs at the time of the search.

Counsel first tells us that she has consulted with Bohn and he wishes to withdraw his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel considers challenging whether the plea was knowing and voluntary, but properly concludes that any such challenge would be frivolous. The plea colloquy transcript demonstrates that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *Konczak*, 683 F.3d at 349. As counsel points out, the district court did not advise Bohn that it was obligated to impose a $100 special assessment, *see* FED R. CRIM. P. 11(b)(1)(L), but the error was harmless because the plea agreement informed Bohn that he would have to pay a mandatory $100 special assessment. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Otherwise the court fulfilled its obligation under Rule 11; it advised Bohn of the nature of the charges, the potential penalties, the trial and appellate rights he waived, and the sentencing process. *See* FED R. CRIM. P. 11(b)(1); *Davenport*, 719 F.3d at 618. The court also ensured that an adequate factual basis for Bohn's guilty plea existed and that he entered into the plea voluntarily. *See* FED R. CRIM. P. 11(b)(2), (3).

Counsel also considers whether Bohn could challenge his sentence, but rightly concludes that this challenge would be foreclosed by the appeal waiver. In his plea agreement, Bohn expressly waived his right "to appeal or to contest [his] conviction and [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed. . . ." Because the guilty plea stands, so does the waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Further, the district court did not rely on any impermissible factors in sentencing, and Bohn's sentence was within the ten-year statutory maximum. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS the appeal.