**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2017
Decided March 9, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3153

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:14-cr-192-RLY-MJD-01 |
| JOHN ANTHONY GUEVARA, | |
|     *Defendant-Appellant*. | Richard L. Young, |
| | *Judge*. |

**O R D E R**

John Guevara pleaded guilty to possessing methamphetamine, 21 U.S.C. § 841(a), and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c). Guevara then filed an appeal, taking issue with the district court's imposition of a two-level enhancement to his guidelines range for maintaining "a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). But as the government points out, Guevara's plea agreement contains a broad appellate waiver clause promising that he will not "appeal the sentence imposed in this case on any ground." Guevara has not challenged the applicability of this waiver; in fact, his counsel admitted at oral argument that there is no ground for invalidating the guilty pleas. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014); *United States*

*v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). And since the appeal waiver in the plea agreement stands or falls with the guilty plea, the waiver binds Guevara, and his appeal must be dismissed. *See United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Hare*, 269 F.3d 859, 860–61 (7th Cir. 2001).

The appeal is DISMISSED.