**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017
Decided October 24, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3576

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:15CR36-001 |
| RONDAY L. TINKER, *Defendant-Appellant*. | Theresa L. Springmann, *Chief Judge*. |

**O R D E R**

Ronday Tinker was charged with, and pleaded guilty to, one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced him to 84 months' imprisonment, the bottom of the guidelines range for his offense. Although his plea agreement contained a broad appeal waiver, Tinker appealed. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Tinker to comment on counsel's motion, but he has not responded. *See* Cir R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be

expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that he has consulted with Tinker, and that Tinker does not wish to withdraw his guilty plea. Thus, we do not discuss the voluntariness of the plea or the adequacy of Tinker's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel then considers whether Tinker could challenge his sentence, but rightly concludes that this challenge would be foreclosed by the appeal waiver in his plea agreement. In it, Tinker expressly waived his right "to appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel . . . ." Because the guilty plea stands, so does the waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Further, the district court did not rely on any impermissible factors in sentencing, and Tinker's 84-month sentence was within the ten-year statutory maximum. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). It follows that Tinker cannot raise any non-frivolous arguments about his conviction or sentence that are not foreclosed by the waiver.

We GRANT counsel's motion to withdraw and DISMISS the appeal.