**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018
Decided May 4, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3558

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CR-30127-MJR-2 |
| CHARLES A. WILLIAMS, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

## O R D E R

Charles Williams was indicted on one count of conspiring to deal with counterfeit securities, 18 U.S.C. § 371, after he cashed fraudulent checks created by a coconspirator and recruited others to join the operation. He pleaded guilty to the charge under a plea agreement. *See* FED. R. CRIM. P. 11(c)(1)(B). The district judge imposed a within-Guidelines sentence of 54 months' imprisonment and 3 years' supervised release.

Although his plea agreement includes a broad appeal waiver, Williams filed a notice of appeal. His appointed attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967), and Williams has not responded to

counsel's motion. *See* C IR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of appeal might involve. Because counsel's brief appears thorough, we limit our review to the potential issues that are discussed in it. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first reports that Williams does not want to withdraw from his plea agreement; thus counsel need not and rightly does not explore whether Williams could challenge the validity of his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next considers whether Williams could challenge his sentence but correctly concludes that his appeal waiver would foreclose this challenge. In his plea agreement Williams waived "the right to contest any aspect of the conviction and sentence, including the manner in which the sentence was determined and imposed … except [] if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)." Because Williams does not seek to overturn his plea agreement, the appeal-waiver portion of that agreement stands. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). We enforce these valid waivers of appellate rights against sentencing challenges unless the district judge based the sentence on constitutionally impermissible criteria such as race. *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). That limited exception does not apply here. Although the district judge condemned Williams's criminal history and emphasized the seriousness of his offense, the judge's comments were not constitutionally impermissible. Rather, they helped explain the judge's reasoning in fashioning an appropriate within-Guidelines sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.