NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018
Decided June 4, 2018

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2154

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:16CR00002-014 |
| DONALD HINKLE, | |
| *Defendant-Appellant*. | Jane E. Magnus-Stinson , |
| | *Chief Judge*. |

## O R D E R

Donald Hinkle pleaded guilty to one count of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). In a written plea agreement, the government and Hinkle agreed that 120 months' imprisonment, the statutory maximum, *see* 18 U.S.C. § 924(a)(2), was an appropriate sentence. The district court accepted this recommendation—an upward variance from the Sentencing Guidelines imprisonment range of 84 to 105 months. Although his plea agreement contained a broad appeal waiver, Hinkle appealed.

Hinkle's appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hinkle did not respond to counsel's motion after being advised of his right to do so. *See* CIR R. 51(b). Counsel explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that she consulted with Hinkle and that he does not wish to withdraw his guilty plea. Thus, counsel properly declines to discuss the voluntariness of the plea or the adequacy of Hinkle's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel then considers whether Hinkle could challenge his sentence, but rightly concludes that the appeal waiver in his plea agreement would foreclose any argument. Hinkle expressly waived his rights to appeal on any ground "the conviction and sentence imposed in this case," including "all provisions of the guilty plea and sentence imposed" and "the length and conditions of supervised release." Counsel examines whether any relevant exception to an appeal waiver might apply, but rightly concludes that the district court did not rely on any constitutionally impermissible factors, and that Hinkle's 120-month sentence—to which he specifically acceded in the plea agreement—does not exceed the ten-year statutory maximum. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Because the guilty plea stands, so does the waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). It follows that Hinkle cannot raise any non-frivolous argument on appeal.

We GRANT counsel's motion to withdraw and DISMISS the appeal.