NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 29, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1950

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:15CR13-001 |
| STEVEN M. SMITH, *Defendant-Appellant*. | Holly A. Brady, *Judge*. |

**O R D E R**

Steven Smith pleaded guilty to attempting to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. Although his plea agreement contained a broad appellate waiver, he appeals his sentence on the ground that the district court wrongly classified him as a career offender. Because Smith agreed to this waiver knowingly and voluntarily, we dismiss his appeal.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Smith's plea agreement included the following appellate waiver:

> I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any postconviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

At the change-of-plea hearing, the district court confirmed Smith's understanding that he was giving up all rights to appeal his sentence and the manner in which it was determined, other than a claim of ineffective assistance of counsel. Later at the hearing, the court reminded Smith that he was giving up his right to appeal, and he responded that he understood that such waivers are generally valid. The court accepted Smith's guilty plea.

Smith lodged objections to the presentence investigation report prepared by the probation office. In one objection, Smith challenged his recommended designation as a career offender based on two prior convictions for a controlled substance offense—an Indiana conviction for possession with the intent to deliver marijuana, and a federal conviction for distributing cocaine. He argued that the Indiana conviction did not qualify as a predicate offense because the statute of conviction varied from the generic definition of a controlled substance offense under the guidelines. *Compare* IND. CODE § 35-48-4-10(a)(2), *with* U.S.S.G. § 4B1.2(b). The district court overruled Smith's objection, concluding that the statute was divisible and that the portion Smith was charged under (possession with the intent to deliver) aligns with the guidelines' definition. The court ultimately sentenced Smith to 188 months in prison, the bottom of his calculated guidelines range.

On appeal, Smith first argues that the waiver in his plea agreement should not be enforced because it does not specifically preclude challenges to his career-offender status. But, in it, he expressly waived his right to appeal "the manner in which [his] conviction or [his] sentence was determined or imposed . . . on any ground other than ineffective assistance of counsel." *See United States v. Garrett Smith*, 759 F.3d 702, 706–07 (7th Cir. 2014) (upholding validity of nearly identical waiver). Further, at Smith's change-of-plea hearing, the court asked if he understood that, because of his waiver, "[he] would most likely be prohibited from challenging [his] sentence on any ground, other than a claim of ineffective assistance of counsel," and Smith confirmed that he did, responding, "I do." Because Smith's plea agreement and guilty plea are valid, so too is his appellate waiver. *See United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020).

Smith next argues that our decision in *Cross v. United States*, 892 F.3d 288, 299 (7th Cir. 2018), carved out an "input at sentencing" exception for appellate waivers—presumably to suggest that the court's career-offender analysis rested on a constitutionally impermissible basis. In that decision, we permitted Cross—despite an appellate waiver—to challenge the career-offender guideline on vagueness grounds. But Cross's waiver included an exception that allowed him to challenge "the court's reliance on any constitutionally impermissible factor." *Id.* at 298–99. Smith's waiver contained no such language. True, a blanket appellate waiver cannot bar a defendant from arguing that he was sentenced based on a constitutionally impermissible factor, but we have not extended this exception beyond "'identity-based factor[s] such as race or gender,'" *Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (quoting *Cross*, 892 F.3d at 298–99), neither of which Smith raises here.

                                                                        DISMISSED